UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SWISS RE CORPORATE SOLUTIONS AMERICA INSURANCE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>APPLIED TECHNOLOGY AND MANAGEMENT, INC., et al.,<br><br>    Defendants | 2:23-cv-00170-JAW |

**RECOMMENDED DECISION TO DISMISS PLAINTIFF'S COMPLAINT AS TO DEFENDANTS APPLIED TECHNOLOGY AND MANAGEMENT, INC. AND STRUCTURMARINE**

On April 14, 2023, Plaintiff filed a complaint seeking to recover money damages from three defendants. (Complaint, ECF No. 1.) On July 19, 2023, a Waiver of Service was returned executed for Defendant Epic Engineering, Inc. (Waiver of Service, ECF No. 7.) On July 28, 2923, Plaintiff filed a Motion to Extend Time to Complete Service on the remaining defendants, which motion was granted, extending the time to complete service to August 31, 2023. (Motion, ECF No. 8; Order, ECF No. 12.) On August 30, 2023, Plaintiff filed another motion to extend the time for service, which motion the Court granted extending the time to September 29, 2023. (Motion, ECF No. 20, Order; ECF No. 21.) On September 28, 2023, Plaintiff filed a third motion to extend time for service, which motion the Court granted, extending the time to November 28, 2023. (Motion, ECF No. 22, Order, ECF No. 23.) As of November 28, 2023, Plaintiff had not filed proof of service

1

upon the remaining defendants.

Because Plaintiff failed to file proof of service in accordance with Federal Rule of Civil Procedure 4(m), on December 1, 2023, the Court ordered Plaintiff to show cause, no later than December 15, 2023, as to why service had not been made. (Order, ECF No. 24.) The Court advised Plaintiff that if it failed to show cause, the complaint against Defendants Applied Technology and Management, Inc. and Structurmarine would be dismissed. (*Id.*) Plaintiff did not file proof or service or respond to the Order to Show Cause. I recommend the Court dismiss the complaint against Defendants Applied Technology and Management, Inc. and Structurmarine.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action for a party's failure to prosecute and failure to comply with a court's orders.

Here, Plaintiff has failed to show cause in accordance with the Court's Order to Show Cause, has failed to file proof of service upon two of the defendants and has failed to respond to the Court's Order to Show Cause. Plaintiff thus has failed to comply with a court order and has otherwise failed to prosecute its claim. Accordingly, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint against Defendants Applied Technology and Management, Inc. and Structurmarine, unless within the time to file objections to this Recommended Decision, Plaintiff shows cause for its failure to file proof of service and to respond to the Court's Order to Show Cause.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 19th day of December, 2023.